**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LARRY M. JOHNSON,                )
                                 )
                Petitioner,      )     No. C 06-04233 JW (PR)
                                 )
        vs.                      )     ORDER DENYING PETITION FOR
                                 )     WRIT OF HABEAS CORPUS
ANTHONY KANE, Warden,            )
                                 )
                Respondent.      )
                                 )
_____  )

        Petitioner, a prisoner at the Correctional Training Facility, seeks a petition for

a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner  challenges the

2003 decision by the Board of Prison Terms ("the Board") finding petitioner

unsuitable for parole.[1]

                                **BACKGROUND**

        In 1983, petitioner was convicted by a jury in the Superior Court of the State

of California in and for the County of Los Angeles of murder, attempted robbery and

burglary.  Petitioner was sentenced to a term of 26 years to life in state prison.

        After a parole suitability hearing in 2003, the Board found petitioner

_____

        [1] Petitioner later filed another habeas petition in which he is proceeding pro
se.  That petition, Case No. 06-06958 JW (PR), challenges a later decision by the
Board in 2004 denying parole.

Order Denying Petition for Writ of Habeas Corpus
P:\PRO-SE\SJ.JW\HC.06\Johnson04233_denyHC-parole.wpd

1   unsuitable for parole.  Petitioner challenged the Board's decision by way of habeas

2   petitions filed in all three levels of the California courts, with the state high court

3   denying review on December 21, 2005.  Petitioner filed the instant petition on June

4   28, 2006.[2]

5

6                          **DISCUSSION**

7   A.     Standard of Review

8          This Court will entertain a petition for a writ of habeas corpus "in behalf of a

9   person in custody pursuant to the judgment of a State court only on the ground that

10  he is in custody in violation of the Constitution or laws or treaties of the United

11  States."  28 U.S.C. § 2254(a).  The petition may not be granted with respect to any

12  claim adjudicated on the merits in state court unless the state court's adjudication of

13  the claim: "(1) resulted in a decision that was contrary to, or involved an

14  unreasonable application of, clearly established federal law, as determined by the

15  Supreme Court of the United States; or (2) resulted in a decision that was based on

16  an unreasonable determination of the facts in light of the evidence presented in the

17  State court proceeding."  Id. § 2254(d).

18         "Under the 'contrary to' clause, a federal habeas court may grant the writ if

19  the state court arrives at a conclusion opposite to that reached by [the Supreme]

20  Court on a question of law or if the state court decides a case differently than [the]

21  Court has on a set of materially indistinguishable facts."  Williams (Terry) v. Taylor,

22  529 U.S. 362, 412-413 (2000).  "Under the 'reasonable application clause,' a

23  federal habeas court may grant the writ if the state court identifies the correct

24  governing legal principle from [the] Court's decisions but unreasonably applies that

25  principle to the facts of the prisoner's case."  Id. at 413.

26         "[A] federal habeas court may not issue the writ simply because that court

27

28         [2] Petitioner filed the instant petition in the Central District of California.  The
    petition was subsequently transferred to this court on July 10, 2006. (See Docket
    No. 1.)

Order Denying Petition for Writ of Habeas Corpus
P:\PRO-SE\SJ.JW\HC.06\Johnson04233_denyHC-parole.wpd        2

1   concludes in its independent judgment that the relevant state-court decision applied

2   clearly established federal law erroneously or incorrectly.  Rather, that application

3   must also be unreasonable." Id. at 411.  "[A] federal habeas court making the

4   'unreasonable application' inquiry should ask whether the state court's application

5   of clearly established federal law was 'objectively unreasonable.'" Id. at 409.

6        A federal habeas court may grant the writ if it concludes that the state court's

7   adjudication of the claim "results in a decision that was based on an unreasonable

8   determination of the facts in light of the evidence presented in the State court

9   proceeding." 28. U.S.C. § 2254(d)(2).  The court must presume correct any

10  determination of a factual issue made by a state court unless the petitioner rebuts the

11  presumption of correctness by clear and convincing evidence.  28. U.S.C. §

12  2254(e)(1).

13       Where, as here, the highest state court to consider the petitioner's claims

14  issued a summary opinion which does not explain the rationale of its decision,

15  federal review under § 2254(d) is of the last state court opinion to reach the merits.

16  See Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991); Bains v. Cambra, 204 F.3d

17  964, 970-71, 973-78 (9th Cir. 2000).  In this case, the last state court opinion to

18  address the merits of petitioner's claim is the opinion of the California Court of

19  Appeal. (Resp. Ex. 9 (In re Larry Johnson, No. B177716, Sept. 7, 2005).)

20  B.   Claims and Analysis

21       Petitioner claims that the Board's denial of parole violated his Fourteenth

22  Amendment right to due process because: (1) the Board's decision was not

23  supported by some evidence; (2) the Boards's finding that the commitment offense

24  was egregious is unconstitutional; and (3) the Board's decision was based solely on

25  the commitment offense.

26       The Ninth Circuit has determined that a California prisoner with a sentence of

27  a term of years to life with the possibility of parole has a protected liberty interest in

28  release on parole and therefore a right to due process in the parole suitability

Order Denying Petition for Writ of Habeas Corpus
P:\PRO-SE\SJ.JW\HC.06\Johnson04233_denyHC-parole.wpd        3

*United States District Court*
*For the Northern District of California*

United States District Court

For the Northern District of California

1    proceedings.  See McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002) (citing

2    Board of Pardons v. Allen, 482 U.S. 369 (1987); Greenholtz v. Inmates of Nebraska

3    Penal & Corr. Complex, 442 U.S. 1 (1979)).  See also Irons v. Carey, 505 F.3d 846,

4    851 (9th Cir.), reh'g and reh'g en banc denied, 506 F.3d 951 (9th Cir. 2007); Sass v.

5    California Board of Prison Terms, 461 F.3d 1123, 1127-28 (9th Cir. 2006), reh'g

6    and reh'g en banc denied, No. 05-16455 (9th Cir. Feb. 13, 2007); Biggs v. Terhune,

7    334 F.3d 910, 915-16 (9th Cir. 2003).  It matters not that, as is the case here, a

8    parole release date has never been set for the inmate because "[t]he liberty interest is

9    created, not upon the grant of a parole date, but upon the incarceration of the

10   inmate."  Biggs v. Terhune, 334 F.3d 910, 914-16 (9th Cir. 2003) (finding initial

11   refusal to set parole date for prisoner with 15- to- life sentence implicated prisoner's

12   liberty interest).[3]

13        A parole board's decision must be supported by "some evidence" to satisfy

14   the requirements of due process.  Sass, 461 F.3d at 1128-29 (adopting "some

15   evidence" standard for disciplinary hearings outlined in Superintendent v. Hill, 472

16   U.S. 445, 454-55 (1985)).  The standard of "some evidence" is met if there was

17   some evidence from which the conclusion of the administrative tribunal could be

18   deduced.  See Hill, 472 U.S. at 455.  An examination of the entire record is not

19   required, nor is an independent assessment of the credibility of witnesses nor

20   weighing of the evidence.  Id.  The relevant question is whether there is any

21   evidence in the record that could support the conclusion reached by the Board.  See

22   id.  The court "cannot reweigh the evidence;" it only looks "to see if 'some

23   evidence' supports the BPT's decision."  Powell v. Gomez, 33 F.3d 39, 42 (9th Cir.

24   1994).

25

26        [3] The Supreme Court of California's opinion in In re Dannenberg, 34 Cal. 4th
     1061 (2005), does not compel a different conclusion.  Dannenberg supports, rather
27   than rejects, the existence of a constitutional liberty interest in parole in California.
     Accord Machado v. Kane, No. C 05-1632 WHA (PR), 2006 WL 449146, at **2-4
28   (N.D. Cal. Feb. 22, 2006) (rejecting argument that Dannenberg construed section
     3041 as no longer creating an expectancy of release).

Order Denying Petition for Writ of Habeas Corpus
P:\PRO-SE\SJ.JW\HC.06\Johnson04233_denyHC-parole.wpd      4

1    Due process also requires that the evidence underlying the parole board's

2    decision have some indicia of reliability. Biggs, 334 F.3d at 915; McQuillion, 306

3    F.3d at 904; Jancsek v. Oregon Bd. of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987).

4    Relevant in this inquiry is whether the prisoner was afforded an opportunity to

5    appear before, and present evidence to, the board. See Pedro v. Oregon Parole Bd.,

6    825 F.2d 1396, 1399 (9th Cir. 1987). In sum, "if the Board's determination of

7    parole suitability is to satisfy due process there must be some evidence, with some

8    indicia of reliability, to support the decision." Rosas v. Nielsen, 428 F.3d 1229,

9    1232 (9th Cir. 2005) (citing McQuillion, 306 F.3d at 904).

10    Recently, the Ninth Circuit reheard en banc the panel decision in Hayward v.

11    Marshall, 512 F.3d 536 (9th Cir.), reh'g en banc granted, 527 F.3d 797 (9th. Cir.

12    2008), which presented a state prisoner's due process habeas challenge to the denial

13    of parole. The panel had concluded that the gravity of the commitment offense had

14    no predictive value regarding the petitioner's suitability for parole and held that

15    because the Governor's reversal of parole was not supported by some evidence, it

16    resulted in a due process violation. 512 F.3d at 546-47. The Ninth Circuit has not

17    yet issued an en banc decision in Hayward. Since the en banc hearing on June 24,

18    2008, the Ninth Circuit has ordered briefing, inter alia, at to whether the order

19    granting rehearing en banc should be vacated and submission of the matter deferred

20    pending the California Supreme Court's decisions in In re Lawrence, No. S154018,

21    and In re Shaputis, No. S155872, both of which cases were argued on June 4, 2008.

22    Hayward v. Marshall, No. 06-55392, slip op. at 2 (9th Cir. July 10, 2008).

23    Unless or until the en banc court overrules the holdings in Biggs, Sass, and

24    Irons, it is the law in this circuit that 1) California's parole scheme creates a

25    federally protected liberty interest in parole and therefore a right to due process, and

26    2) that the right is satisfied if some evidence supports the Board's parole suitability

27    decision. Sass, 461 F.3d at 1128-29. These cases also hold that the Board may rely

28    on immutable events, such as the nature of the conviction offense and pre-conviction

Order Denying Petition for Writ of Habeas Corpus
P:\PRO-SE\SJ.JW\HC.06\Johnson04233_denyHC-parole.wpd      5

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    criminality, to find that a prisoner is not currently suitable for parole.  Id. at 1129.

2    Biggs and Irons further suggest, however, that over time, the commitment offense

3    and pre-conviction behavior become less reliable predictors of danger to society

4    such that repeated denial of parole based solely on immutable events, regardless of

5    the extent of rehabilitation during incarceration, could violate due process at some

6    point after the prisoner serves the minimum term on his sentence.  See Irons, 505

7    F.3d at 853-54.

8          California Code of Regulations, title 15, section 2402(a) states that "[t]he

9    panel shall first determine whether the life prisoner is suitable for release on parole.

10   Regardless of the length of time served, a life prisoner shall be found unsuitable for

11   and denied parole if in the judgment of the panel the prisoner will pose an

12   unreasonable risk of danger to society if released from prison."  Cal. Code of Regs.,

13   tit. 15, § 2402(a).  The regulations direct the panel to consider "all relevant, reliable

14   information available."  Cal. Code of Regs., tit. 15, § 2402(b).  Further, the

15   regulations enumerate various circumstances tending to indicate whether or not an

16   inmate is suitable for parole, *e.g*., the prisoner's social history, past criminal history,

17   and base and other commitment offenses, including behavior before, during and

18   after the crime.  See Cal. Code of Regs., tit. 15, § 2402(c)-(d).[4]

19         The record shows that on October 23, 2003, petitioner appeared with counsel

20   before the Board for his second parole consideration hearing.  The presiding

21   commissioner explained that in assessing whether petitioner was suitable for parole,

22

23         [4] The circumstances tending to show an inmate's unsuitability are: (1) the
24   commitment offense was committed in an "especially heinous, atrocious or cruel
     manner;" (2) previous record of violence; (3) unstable social history; (4) sadistic
25   sexual offenses; (5) psychological factors such as a "lengthy history of severe
     mental problems related to the offense;" and (6) prison misconduct.  Cal. Code of
26   Regs., tit. 15, § 2402(c).  The circumstances tending to show suitability are: (1) no
     juvenile record; (2) stable social history; (3) signs of remorse; (4) commitment
27   offense was committed as a result of stress which built up over time; (5) Battered
     Woman Syndrome; (6) lack of criminal history; (7) age is such that it reduces the
28   possibility of recidivism; (8) plans for future including development of marketable
     skills; and (9) institutional activities that indicate ability to function within the law.
     Cal. Code of Regs., tit. 15, § 2402(d).

Order Denying Petition for Writ of Habeas Corpus
P:\PRO-SE\SJ.JW\HC.06\Johnson04233_denyHC-parole.wpd        6

United States District Court

For the Northern District of California

1   the panel would consider factors such as petitioner's commitment offense, his prior

2   criminal and social history, and his behavior and programming since his

3   commitment.  (Resp't Ex. 4 at 6.)  The commissioner also explained that petitioner

4   would be given an opportunity to correct or clarify anything in his file, and that

5   petitioner and his counsel would be given the opportunity to make final statements

6   regarding petitioner's parole suitability.  Finally, the commissioner confirmed with

7   petitioner that he had no objections to the Board members.  (Id. at 7.)

8           After deliberations, the Board concluded that petitioner was "not suitable for

9   parole and would pose an unreasonable risk of danger to society or a threat to public

10  safety if released from prison."  (Id. at 64.)  Specifically, the Board found that the

11  offense was carried out in a "vicious, brutal manner" which "demonstrates

12  exceptionally [callous] disregard for human suffering."  (Id.)  The Board also found

13  that the motive for the crime was "inexplicable" and "very trivial in [relation] to the

14  offense."  (Id.)  Petitioner was involved with a preplanned and failed robbery

15  attempt which resulted in petitioner's partner shooting the victim twice with a

16  handgun.  Petitioner and partner fled the scene without completing the robbery.

17  (Id. at 65.)  The Board noted petitioner's "unstable social history of prior

18  criminality" which involved a conviction for receiving stolen property.  (Id.)

19  Furthermore, the Board found that petitioner had not sufficiently participated in self-

20  help and therapy programming "to better understand the causative factors."  (Id.)

21  The Board also considered that petitioner lacked realistic parole plans in the last

22  county of legal residence or acceptable employment plans.  (Id. at 66.)  The Board

23  commended petitioner for remaining relatively free of disciplinary actions and

24  having a favorable psychiatric evaluation.  (Id.)  Nonetheless, the Board found that

25  the positive aspects did not outweigh the factors for unsuitability and determined

26  that a one-year denial was necessary for petitioner to make more positive gains.  (Id.

27  at 67.)

28          In its order denying habeas relief, the state appellate court determined that the

1   record contained some evidence to support the Board's finding that petitioner was

2   unsuitable for parole.  The court made the following observations:

3           The Board's decision denying parole to [petitioner] manifests
        individualized consideration of all applicable factors; at the least,
4       "some evidence" supports its decision. (Citation omitted.)  The record
        plainly supports the Board's initial finding that [petitioner]'s
5       commitment offenses were carried out in a vicious and brutal manner:
        The murder, attempted robbery and burglary demonstrated a callous
6       disregard for human suffering; the motive for the crimes was trivial.
        [Petitioner], who was unemployed, instigated the robbery and enlisted
7       the help of another individual he knew was carrying a gun.  He
        planned the robbery for the morning when the check cashing store was
8       just opening to catch the victim off guard.  When the robbery when
        awry because of the victim's hesitation and [petitioner]'s crime partner
9       shot the victim, [petitioner] fled the scene.  These circumstances
        demonstrate aggravating facts beyond the minimum elements of the
10      commitment offenses. (Citation omitted.)

11          The record of the suitability hearing shows the Board credited
        [petitioner] for participating in numerous programs and activities in
12      prison and for remaining discipline free for 12 years prior to his 2003
        suitability hearing.  The Board also noted [petitioner]'s limited prior
13      criminal record.  The Board, however, determined [petitioner's]
        continued participation in institutional activities was necessary to
14      finding him suitable for parole.  Despite the positive psychological
        evaluation and report from his correctional counselor, the Board's
15      reliance on [petitioner]'s minimization of his participation in the
        commitment offenses and his inability to demonstrate he had realistic
16      post-parole plans for his place of residence to determine his release
        would pose an unreasonable risk of danger to society or a threat to
17      public safety if released was well within its discretion.  (Citation
        omitted.)

18
            Under well-established Supreme Court precedent, judicial
19      review of the Board's decision denying parole is both limited and
        deferential.  We are not permitted to reweigh the circumstances
20      evaluated by the Board and make our own assessment as to which
        factors might deserve more credit. (Citation omitted.)  Because "some
21      evidence" supports the Board's decision finding [petitioner] unsuitable
        for and denying parole, his habeas petition must be denied.

22

23  (Resp. Ex. 9 at 9-10.)

24          As noted by the state appellate court, the Board denied petitioner parole not

25  solely because of the callous nature of his commitment offense but also on the basis

26  of the other factors identified above which lead the Board to conclude that petitioner

27  would  pose an unreasonable risk of danger to society if released on parole.

28  Moreover, in light of the present case law, the Board properly considered the nature

Order Denying Petition for Writ of Habeas Corpus
P:\PRO-SE\SJ.JW\HC.06\Johnson04233_denyHC-parole.wpd      8

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  of petitioner's commitment offense.  See In re Rosenkrantz, 29 Cal. 4th 616, 682-83

2  ("the [Board] properly may weigh heavily the degree of violence used and the

3  amount of viciousness shown by a defendant").  Cal. Code of Reg., tit. 15, §

4  2402(a); see *supra* at 6.  Accordingly, it appears that the Board's decision finding

5  petitioner unsuitable for parole is supported by "some evidence," including the

6  egregiousness of the crime, and the evidence underlying the Board's decision has

7  some "indicia of reliability."  Rosas v. Nielsen, 428 F.3d at 1232.

8        This Court concludes that Petitioner's right to due process was not violated

9  by the Board's decision to deny parole.  The state courts' denial of petitioner's

10  claims was not contrary to, or an unreasonable application of, clearly established

11  Supreme Court precedent, or based on an unreasonable determination of the facts in

12  light of the evidence presented.  28 U.S.C. § 2254(d)(1), (2).

13

14                            **CONCLUSION**

15        For the foregoing reasons, the petition for a writ of habeas corpus is DENIED

16  on the merits.

17

18  DATED:  ___September 28, 2009___                    _James Ware_____

19                                                      JAMES WARE
                                                        United States District Judge

20

21

22

23

24

25

26

27

28

Order Denying Petition for Writ of Habeas Corpus
P:\PRO-SE\SJ.JW\HC.06\Johnson04233_denyHC-parole.wpd      9

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


LARRY JOHNSON,

                Petitioner,

  v.

ANTHONY KANE, Warden,

                Respondent.

_____ /

Case Number: CV06-04233 JW

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on        10/2/2009       , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.



Marc Jonathan Zilversmit
Attorney at Law
523 Octavia Street
San Francisco, CA 94102


Dated:      10/2/2009     

                Richard W. Wieking, Clerk
          /s/By: Elizabeth Garcia, Deputy Clerk